724 F.Supp. 232 (1989)
Steven L. ABEL, Plaintiff,
v.
TOWN OF ORANGETOWN, Defendant.
No. 89 Civ. 7073 (GLG).
United States District Court, S.D. New York.
November 3, 1989.
*233 Steven Hymowitz, New City, N.Y., for plaintiff.
Morton Lieb, Town Atty., Town of Orangetown, Orangeburg, N.Y., for defendant.

MEMORANDUM DECISION
GOETTEL, District Judge.
The plaintiff in this action is a political candidate in the November 7, 1989 election for the position of Town Justice in the Town of Orangetown, located in Rockland County, New York. Since September 1, 1989, the plaintiff has posted political signs alongside the public streets in the Town of Orangetown on the unpaved portion of the public right of way. The lawn signs erected by the plaintiff are akin to small billboards in that they are free-standing and are not posted on trees or telephone poles. Some of the plaintiff's signs have been removed under the apparent authority of Section 4.28(c) of the Town of Orangetown zoning code.
Section 4.28(c) provides, in pertinent part, that "[n]o sign other than signs placed by agencies of the government shall be placed on any public property unless written consent is first obtained from the Orangetown Town Board."[1] The plaintiff petitioned the Town of Orangetown for permission to post his signs but permission was denied.[2] The plaintiff challenges the zoning code section as unconstitutional and violative of his rights of free speech[3] and has moved to preliminarily enjoin the defendant from removing his political signs. A temporary restraining order was granted on October 24, 1989.[4]
To justify the issuance of a preliminary injunction, the plaintiff must demonstrate that it will suffer "irreparable harm and either (1) probable success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema, Ltd., 604 F.2d 200, 206-07 (2d Cir.1979). Initially, we hold that the plaintiff will suffer irreparable harm if the injunction does not issue. The election in which the plaintiff is participating is scheduled for November 7, 1989. The extent to which the defendant's conduct has or will prejudice the plaintiff in that election is nearly impossible to quantify. Because the plaintiff lacks an adequate remedy at law, we hold that he has demonstrated irreparable harm. We next consider, then, whether the plaintiff has a likelihood of success on the merits.
Streets and public ways have long been preserved as public fora for the purposes of public assembly and discourse. Hague v. C.I.O., 307 U.S. 496, 515-16, 59 S.Ct. 954, 964-65, 83 L.Ed. 1423 (1939). Although the first amendment protects a wide variety of expression, political speech has historically been afforded the broadest protection. Buckley v. Valeo, 424 U.S. 1, 14, 96 S.Ct. 612, 632, 46 L.Ed.2d 659 (1976); M. Nimmer, Nimmer on Freedom of Speech § 3.01 at 3-5 (1989) (citing cases). There can be no question that the conduct in which the plaintiff wishes to engage is within the ambit of the first amendment.
When a restriction on speech is facially content-neutral, as the ordinance in this case appears to be, "the court's task is to determine (1) whether the governmental objective advanced by the restriction is substantial, *234 and (2) whether the restriction imposed on speech is no greater than is essential to further that objective." City Council v. Taxpayers for Vincent, 466 U.S. 789, 821, 104 S.Ct. 2118, 2137, 80 L.Ed.2d 772 (1984) (Brennan, J., dissenting) (citing majority opinion). The Supreme Court has held that a municipality's interest in preserving its esthetic appeal is "sufficiently substantial to provide an acceptable justification for a content-neutral prohibition against the use of billboards." Id. at 807, 104 S.Ct. at 2130; Metromedia, Inc. v. San Diego, 453 U.S. 490, 507-08, 101 S.Ct. 2882, 2892-93, 69 L.Ed.2d 800 (1981). The defendant also advances the town's interest in motorist and pedestrian safety as justification for its ordinance. There is no question that these interests are substantial. City Council, 466 U.S. at 822 n. 3, 104 S.Ct. at 2138 n. 3 (Brennan, J., dissenting). The question thus becomes whether the restriction imposed by the Orangetown ordinance is no greater than necessary to accomplish those aims.
In Shuttlesworth v. City of Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969), the Supreme Court held "that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow objective, and definite standards to guide the licensing authority, is unconstitutional." Id. at 150-51, 89 S.Ct. at 938; accord Staub v. City of Baxley, 355 U.S. 313, 322, 78 S.Ct. 277, 282, 2 L.Ed.2d 302 (1958). Shuttlesworth involved a Birmingham, Alabama ordinance that prohibited parading or picketing on the streets of Birmingham without a permit. In striking down the ordinance as unconstitutional, the Court stated that "a municipality may not empower its licensing officials to roam essentially at will, dispensing or withholding permission to speak, assemble, picket, or parade, according to their own opinions regarding the potential effect of the activity in question on the `welfare,' `decency,' or `morals' of the community." Id. at 153, 89 S.Ct. at 940 (quoting Birmingham ordinance). Thus, the plaintiff argues that the Orangetown ordinance is unconstitutional by virtue of its grant to municipal officials of "virtually unbridled and absolute power to prohibit [the posting of any signs] on the [town's] streets or public ways." Id. at 150, 89 S.Ct. at 938.
In opposition, the defendant urges this court to adopt the reasoning of the Supreme Court in City Council v. Taxpayers for Vincent, 466 U.S. 789, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984). In City Council the Court examined a Los Angeles Municipal Code provision prohibiting the posting of signs on public property. The provision at issue posed an absolute bar to signs of all kinds under all circumstances. Unlike the ordinance at issue herein, the Los Angeles provision excluded the possibility of seeking permission to post signs. The regulation was challenged by a political candidate who posted signs on telephone cables. In rejecting the plaintiff's challenge, the Court determined that the city's interest in preserving the esthetic appeal of its surroundings was sufficiently substantial to justify the "content-neutral, impartially administered prohibition against the posting of appellees' temporary signs on public property." Id. at 817, 104 S.Ct. at 2135.
Essential to both Shuttlesworth and City Council was an inquiry into the actual application of the ordinance in question. In Shuttlesworth the Court determined that the ordinance was unconstitutionally administered so as "`to deny or unwarrantedly abridge the right of assembly and the opportunities for the communication of thought ... immemorially associated with resort to public places.'" Shuttlesworth, 394 U.S. at 159, 89 S.Ct. at 943. Conversely, in City Council, the Court made specific reference to the fact that the ordinance had been "impartially administered." City Council, 466 U.S. at 817, 104 S.Ct. at 2135.
For this reason we feel compelled to follow the guidance of City Council. There has been no evidence that permission in this case has been granted or denied arbitrarily.[5] Indeed, the Orangetown highway superintendent testified that his staff removed *235 all signs without regard to their content.[6] Clearly, the Orangetown ordinance is designed to eliminate visual blight for esthetic purposes and there is no indication that it is being administered in an unconstitutional fashion. In the absence of unconstitutional application, an ordinance restricting the posting of signs on the public ways to preserve the esthetic appeal of the town is within the bounds of the constitution. Id. In sum, we cannot say that the plaintiff has demonstrated a likelihood of success on the merits justifying a preliminary injunction. Accordingly, the plaintiff's motion for a preliminary injunction is denied.
SO ORDERED.
NOTES
[1] Subsections (d), (e) and (f) of section 4.28 permit, without prior approval, the posting of temporary signs on private property in connection with the construction, occupancy, sale and rental of real estate. This action concerns the posting of signs on public property only.
[2] The plaintiff testified at an evidentiary hearing in this matter that no reason was given for the denial.
[3] The plaintiff originally asserted an equal protection claim alleging that the ordinance unconstitutionally distinguished between commercial and non-commercial signs. Having conceded that subsection (d), (e) and (f) of section 4.28 concern private property, that claim has been withdrawn.
[4] An evidentiary hearing was conducted on October 31 and November 1, 1989. Testimony was given by the plaintiff and by the Orangetown highway superintendent.
[5] Indeed, it appears that the plaintiff is the first person to request permission to post signs since passage of the ordinance in or about November 1988.
[6] Testimony was given that commercial signs such as advertisements for garage sales were taken down in addition to political campaign signs.